Ingraham, J.
In this case, while I am of the opinion that the judges of the State courts might have exercised jurisdiction prior to the passage of the act of 1862 and 1864,1 am not clear that the exercise of that power remains. No doubt Congress might pass an act prohibiting the State judges from interfering with enlistments in the army or navy. If they possess that power, the enquiry arises, whether the provisions in those statutes do not virtually prohibit it. They provide for a mode of discharge by the Secretary of War, and they annex terms and conditions on which such discharges can be granted. These provisions may be construed as having provided a mode by which persons improperly enlisted can be discharged, and as having forbidden other modes of obtaining them.
*139 I am inclined also to yield to the opinions of the judges of the United States Courts in this district on this question, as the petitioner may apply to any of these judges on habeas ' corpus for relief. I
At any rate it is unnecessary to send the case back to the judge who allowed the suit.
All the evidence was taken between the parties, and if the general term are of the opinion that the party should be discharged they can now order it. The judge below passed upon the evidence and denied the application. The general term can only reverse his decision and make the order he should have made if he was in error.
Clerke, J.
I agree with Judge Ingraham in thinking that the Federal Government has by recent legislation assumed such jurisdiction in cases of kind, as to make it necessarily exclusive. This, I think, it has a constitutional right to do under the power given to it “ to raise and support armies.” (Const, of U. S., § 8, sub. 11.) Besides, this is a controversy to which the United States is a party, as much so as to an action in which a collector of a port is a party ostensibly, but the United States actually.